UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TROY LAMAR MORTON** | : | **CIVIL ACTION  2:13-cv-2548** |
| **BOP#19195-058** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **C. MAIORANA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Troy L. Morton filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on August 26, 2013.  Doc. 1.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

The documentation produced by petitioner in this case, as well as information gathered from matters pertaining to petitioner in other courts, establishes the following chronology of events.  On November 4, 2002, petitioner was charged by Indictment in the United Stated District Court for the Western District of North Carolina with (1) conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana; and, (2) possession with intent to distribute methamphetamine.  Doc. 1, att. 2, p.1.  Thereafter, the government filed a 21 U.S.C. §

851 notice pertaining to petitioner's prior felony drug conviction.  *Id.*  Petitioner pled guilty to the charges and on November 18, 2003, was sentenced to two hundred forty months imprisonment.  *Id.*  Petitioner did not appeal his conviction or sentence.  *Id.*  On November 10, 2004 petitioner filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of North Carolina which was denied by the district court.  *Morton v. United States,* No. 3:04-cv-566 (W.D.N.C. 2004).

On October 24, 2005, petitioner filed a motion in the Western District of North Carolina which was construed as a second § 2255 petition and was denied by the district court.  *Morton v. United States,* No. 3:05-cv-470 (W.D.N.C. 2005).  Petitioner appealed this denial to the United States Court of Appeals for the Fourth Circuit which dismissed the appeal on the ground that petitioner failed to show a denial of his constitutional rights.  The court construed the notice of appeal as an application to file a second or successive § 2255 petition.  *Id.*

On March 7, 2006, petitioner filed a motion for certificate of appealability in the Western District of North Carolina which the court again construed as a motion to vacate under § 2255.  *Morton v. United States,* No. 3:06-cv-128 (W.D.N.C. 2006).  This was denied based on petitioner's failure to obtain authorization to file a successive § 2255 petition.  *Id.*

On July 25, 2006, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of North Carolina.  *Morton v. United States,* No. 5:06-hc-2126 (E.D.N.C. 2006), which the court denied.

On July 22, 2013 petitioner filed another motion petition to § 2255 in the Western District of North Carolina which the court denied as successive.  *Morton v. United States,* No. 3:013-cv-419 (W.D.N.C. 2006).

The § 2241 *habeas corpus* petition currently before this court was filed on August 26, 2013.  In this petition, petitioner asserts that under the United States Supreme Court's ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), his due process rights were violated because the government's 21 U.S.C. § 851 notice with the enhancement information was not included in the indictment nor was it presented to a grand jury.  Petitioner also claims that his plea agreement was an illegal contract that he was coerced into signing.  Petitioner further alleges ineffective assistance of counsel and that comments made by Attorney General Eric Holder regarding the mandatory sentencing scheme support his position that mandatory minimum sentences are not to be enforced.  Doc. 1, pp. 4-5.

Based on the above, petitioner asks this court to vacate his conviction and sentence.

## II. LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000).  A motion to vacate filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).  Here, petitioner collaterally attacks the legality of his conviction and sentence, not the manner in which his sentence is being executed.  Accordingly, his claim is more appropriately raised in a § 2255 Motion to Vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause."  *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.  A prisoner seeking

such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not entitle a petitioner to § 2241 relief. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000).

Petitioner points to the Supreme Court decision in *Alleyne*, *supra* and argues that it entitles him to relief in this collateral proceeding. In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor, and it must be submitted to a jury. *Id.* at 2163. *Alleyne* extended the holding in *Aprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which found that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Id.* at 2158. Petitioner claims that because he was given a sentencing enhancement that was not presented to a jury his due process rights were violated. Petitioner contends that this holding is retroactively applicable to his case and that his sentence is illegal.

Contrary to petitioner's contentions, there is no indication in *Alleyne* that the Supreme Court intended its holding to be retroactive to cases on collateral review. The Supreme Court has stated that "a new rule is not 'made retroactive to cases on collateral review' unless the

Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).  Further, many courts have found that *Alleyne* it should not be applied retroactively.[1]

Based on the above, it is clear that petitioner has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.  Since he has not met the savings clause requirements, his claims are not properly brought under section 2241, and this court lacks jurisdiction to consider his claims under section 2255.

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

---

[1] *See Mingo v. United States*, 2013 WL 4499249, at *2 (W.D. Mich., Aug.19, 2013) (denying § 2255 motion because *Alleyne* does not fall into any of the exceptions pertaining to retroactive application of procedural rules); *United States v. Eziolisa*, No. 2013 WL 3812087, at *3 (S.D. Ohio, July 22, 2013) (holding that *Alleyne* does not apply retroactively to a motion for relief from sentence filed under § 2255); *Carter v. Coakley*, 2013 WL 3365139, at *4 (N.D. Ohio, July 3, 2013) (holding that *Alleyne* did not provide relief under § 2241 because "*Alleyne* is not such an intervening change in the law and does not decriminalize the acts which form the basis of Petitioner's conviction."); *Smith v. Holland*, 2013 WL 4735583 at *4 (E.D. Ky., Sept. 3, 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Ailsworth*, 2013 WL 4011072, at *1-2 (D. Kan., Aug.6, 2013); *United States v. Stewart*, 2013 WL 4553349 at *2 (S.D. Miss., Aug.28, 2013); *United States v. Cantu–Rivera*, 2013 WL 3873281, at *1 (S.D. Tex., July 24, 2013).

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in Chambers this 12th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE